LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

June 12, 2020

**BY EMAIL**
The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York                  **MEMO ENDORSED**
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Wilson et al; 20 Cr. 126 (LTS)**

Dear Judge Swain:

      I represent Miguel Belardo in the above-referenced matter, having been appointed pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Belardo was arrested on February 20, 2020 and detained. He is presently incarcerated at Westchester County Jail ("WCJ"). The parties have been engaged in plea negotiations since late April 2020 and have reached an agreement. Pursuant to a plea agreement, the Government will accept a guilty plea from Mr. Belardo to a lesser-included offense of Count One of the indictment. I respectfully submit this letter to request a change of plea hearing and for Mr. Belardo to appear remotely.

      Pursuant to Section 15002 et seq. of the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act"), plea proceedings may proceed by video teleconference, or telephone conference if video teleconferencing is not reasonably available, with the consent of the defendant and a finding by the district court judge that further delay of the proceeding will result in serious harm to the interests of justice. *See* H.R. 748, Section 15002 et seq., P.L. 116-136, signed into law on March 27, 2020 (noting that if "the district judge in a particular case finds for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice, the plea . . . may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available"); *see also* Southern District of New York Standing Order, 20 MC 176, March 30, 2020; *United States v. Bryan Cohen*; 19 Cr. 741 (WHP) (recognizing the importance, under the CARES Act, of judicial proceedings moving forward "in a time of great uncertainty").

      After consultation with counsel, Mr. Belardo has decided to enter a plea of guilty pursuant to the terms of the negotiated agreement with the Government and consents to do so remotely by

video or telephone conference. He desires to proceed to sentencing without unnecessary delay and not wait until an in-person change of plea proceeding can be held, which is presently not known. He wishes to show the Court that he accepts full responsibility for his actions and is doing so early and in a timely manner. He further seeks closure and to move forward with goals and plans for his future. Upon sentencing, Mr. Belardo will be designated to a BOP facility. Conducting a change of plea proceeding now, will allow him to be transferred from WCJ as soon as possible, where COVID-19 remains an ongoing problem for inmates and staff and there is no programming, to a BOP facility, where he intends to study for his GED and engage in programming and vocational training.

I respectfully submit that Mr. Belardo's decision to plead guilty and demonstrate his sincere acceptance of responsibility, along with his desire for closure so that he can engage in rehabilitation efforts in hopefully a safer environment as soon as possible, are "specific reasons," within the meaning of Section 15002 et seq. of the CARES Act, sufficient to proceed with a video teleconference or telephone conference for his change of plea proceeding. Additionally, delaying Mr. Belardo's change of plea proceeding will further add to the backlog of cases in the court system. Accordingly, I respectfully request that the Court schedule a change of plea proceeding and allow Mr. Belardo to participate remotely by video or telephone conference pursuant to the CARES Act.

Thank you for your consideration.

Respectfully submitted,

/s/

Anthony Cecutti

The request for a remote change of plea hearing is granted. A separate scheduling order will be issued. DE#93 resolved.

SO ORDERED.
6/16/2020
/s/ Laura Taylor Swain, USDJ